**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACK SENA,<br>on behalf of himself<br>and others similarly situated, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY<br>ASSOCIATES, LLC, | )<br>) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Jack Sena, by counsel, files this complaint seeking actual, statutory, and punitive damages for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the confidentiality, accuracy, and proper utilization of such information.

3.      "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing 84 Stat. 1128, 15 U.S.C. § 1681; *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001)). Among the provisions intended to "protect consumer privacy," § 1681b(a) of the FCRA provides an exclusive list of the purposes for which a consumer reporting agency may release a consumer report. Correspondingly, § 1681b(f) provides that a user may not obtain or use a consumer report unless it has one of the permissible purposes enumerated in § 1681b(a).emphasis added).  These sections establish a right to privacy in an individual's own consumer report that may be intruded upon only in very limited circumstances.

1

These protections are substantive, not merely procedural or technical.

4. Invasion of privacy is the type of intangible harm referenced by *Spokeo* as having "traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016). The tort of invasion of privacy was adopted by the Restatement (Second) of Torts, which states "[o]ne who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other." Restatement (Second) of Torts § 652A (1977). By 1960, the overwhelming majority of American courts had recognized the right in some form. Dean Prosser, *Privacy*, 48 Cal.L.Rev. 383, 384-88 (1960); Restatement § 652A cmt. a (noting that "the existence of a right of privacy is now recognized in the great majority of the American jurisdictions"); *see* Eli A. Meltz, *No Harm, No Foul? Attempted Invasion of Privacy and the Tort of Intrusion Upon Seclusion*, 83 Fordham L. Rev. 3431, 3440 (May 2015) (state-by-state survey).

5. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

6. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

7. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

8. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*,

2

259 F.3d 662, 666 (7th Cir. 2001).

9.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## PARTIES

10.    Plaintiff, Jack Sena, is a resident of the Northern District of Illinois.

11.    Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company with principal offices in Virginia.  It does business in Illinois.  Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12.    PRA acquires or claims to acquire defaulted consumer debts and collects them through lawsuits and otherwise.  According to the report on SEC Form 10-K filed by its parent PRA Group, Inc., for the year ending December 31, 2016 (original page 5), "Our primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. The accounts we acquire are primarily the unpaid obligations of individuals owed to credit grantors, which include banks and other types of consumer, retail, and auto finance companies."

13.    PRA has filed thousands of lawsuits in Illinois courts and has staff attorneys who appear in Illinois courts on its behalf.

14.    PRA has no other business.

15.    PRA uses the mails and telephone system in connection with its activities.

16.    PRA is a "person" as that term is defined under 15 U.S.C. §1681a(b) and a "debt collector" as defined in 15 U.S.C. §1681a(6).

## JURISDICTION AND VENUE

17.    This Court has jurisdiction and venue pursuant to 15 U.S.C. §§1681p and 1692k and 28 U.S.C. §1331.

18.    Venue is proper in this Court pursuant to 15 U.S.C. §1391(b).

3

19.     Defendant conducts business in this judicial district.

20.     Plaintiff resides in this judicial district.

21.     The acts and transactions alleged herein occurred in this judicial district and arose from a lawsuit pending in Cook County.

## FACTS

22.     Plaintiff is a consumer.

23.     In 2007, PRA sued plaintiff to collect an allegedly defaulted Providian credit card primarily for personal, family or household purposes.  (Exhibit A)

24.     PRA obtained a judgment against plaintiff in February 2008 (Exhibit B).

25.     In 2013, the judgment was satisfied and released (Exhibit C).  Since this was done by its counsel in the action in which PRA was a plaintiff, PRA knew it had been satisfied and released.

26.     Subsequently, on several occasions during 2015-2017, and within two years prior to the filing of this action, PRA pulled plaintiff's credit reports from TransUnion and Experian. Plaintiff discovered PRA's actions when he recently checked his credit and saw PRA listed as having obtained his credit information.  Plaintiff was alarmed and upset when he discovered PRA's actions, and the fact that PRA had obtained his highly private financial and credit information.

27.     On information and belief, other than the debt that was the subject of the February 2008 judgment, now released and satisfied, PRA has no debts of plaintiff and has no reason for obtaining plaintiff's credit reports.

28.     On information and belief, it is the practice of PRA to pull credit reports of persons whose debts are no longer owed through:

      a.     Satisfaction and release;

      b.     Payment;

      c.     Bankruptcy discharge.

4

29.     The "[p]ermissible purpose" that PRA claimed to have for accessing plaintiff's Trans Union credit report was for "account review" purposes.

30.     However, because the only account plaintiff had with PRA had been satisfied and released, defendant had no actual permissible purpose for procuring plaintiff's credit report.

31.     The procuring of plaintiff's credit report is an action which constitutes an attempt to collect the alleged debt at issue in this matter.

32.     On information and belief, defendant engaged in pattern of obtaining credit reports of persons who no longer owed it money.

## CLASS ALLEGATIONS

33.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

34.     The class consists of (a) all individuals (b) whose credit reports defendant pulled (c) after the individual's alleged debt to defendant had been satisfied, released, paid, or discharged in bankruptcy, (d) which credit reports were pulled on or after a date two years (Count I) or one year (Count II) prior to the filing of this action.

35.     Based on defendant's size, the class members are so numerous that joinder of all members is impracticable.

36.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

      a.     Whether defendant had a reasonable belief that there was a permissible purpose for pulling the class members' credit reports;

      b.     Whether defendant can pull a class members' credit report for account review or collection purposes after the class member's debt is satisfied, released, paid or discharged in bankruptcy;

      c.     Whether defendant had reasonable procedures in place to ensure that it

only obtained credit reports when it had a permissible purpose for

obtaining those reports;

d.      Whether defendant violated the FCRA by obtaining the class members'

credit reports after their debts were no longer owed;

e.      Whether defendant's conduct was willful;

f.      Whether defendant's conduct violated the FDCPA;

g.      The appropriate relief.

37.      Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

38.      Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FCRA and FDCPA litigation.

39.      A class action is superior for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights;

**COUNT I  – WILLFUL WRONGFUL PROCUREMENT  – FCRA**

40.      Plaintiff incorporates paragraphs 1-39.

41.      Under the FCRA, 15 U.S.C. § 1681a et seq., a person is prohibited from obtaining a consumer report who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

42.      Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

43.      Defendant's use of plaintiff's credit report violates 15 U.S.C. § 1681b(f). Defendant had no permissible purpose in obtaining the credit reports of plaintiff as no debt had been owed to defendant for several years.

6

44.     The entities from which the defendant obtains credit reports of non-debtors are "consumer reporting agencies" within the meaning of the FCRA.

45.     In connection with its practice of obtaining credit reports of non-debtors, defendant acted willfully, knowingly, and in conscious disregard for the rights of plaintiff under the FCRA.

46.     Consistent with its practice, defendant acted willfully, knowingly, and in conscious disregard for the rights of plaintiff in obtaining his credit report.

47.     As a result of defendant's willful practice of violating the FCRA, defendant is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter defendant from engaging in this kind of illegal practice in the future.

48.     As a result of defendant's willful practice of violating the FCRA, defendant is liable for actual damages and statutory damages to plaintiff.

49.     As a result of defendant's willful practice of violating the FCRA, defendant is liable under 15 U.S.C. §1681n for the costs of bringing this action as well as reasonable attorneys fees.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class:

i.      A judicial declaration that defendant's practice of obtaining plaintiff's credit report violates the FCRA;

ii.     An award of actual and statutory damages under the FCRA to plaintiff and the class in an amount to be determined at trial;

iii.    An award of punitive damages as provided by the FCRA;

iv.     An award of the costs of bringing this action and reasonable attorney's fees;

v.      Such other and further relief as the Court deems just and proper.

## COUNT II – FDCPA

7

50.     Plaintiff incorporates paragraphs 1-39.

51.     Defendant's obtaining consumer reports on persons whose debts were no longer owing is an unfair practice, in violation of 15 U.S.C. §1692f.

52.     Defendant makes misrepresentations to consumer reporting agencies in order to obtain the reports, in violation of 15 U.S.C. §1692e, 1692e(2) and 1692e(8).

53.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(8)      Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

54.     Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**


WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and the class:

i.      A judicial declaration that defendant's practice of obtaining plaintiff's credit report violates the FDCPA;

ii.      An award of actual and statutory damages under the FCRA to plaintiff and the class in an amount to be determined at trial;

iii.      An award of the costs of bringing this action and reasonable attorney's fees;

8

     iv.     Such other and further relief as the Court deems just and proper.


           s/ Daniel A. Edelman
           Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


T:\33994\Pleading\Complaint_Pleading.wpd

9

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman